REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re

MICHAEL J JOHNSON
MARCY F JOHNSON
Debtor(s).

Case No. 17-60287

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 12-18-17

X /s/ Michael Johnson
Signature of Debtor 1 or Authorized Representative

MICHAEL J JOHNSON
Printed Name of Debtor 1 or Authorized Representative

X /s/ Marcy Johnson
Signature of Debtor 2

MARCY F JOHNSON
Printed Name of Debtor 2

In re:
**Michael J. Johnson,**
**Marcy F. Johnson,**
Debtor.

Case No.    **17-60287**
CHAPTER 13 PLAN    X Modified
Dated  **December 18, 2017**

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ■ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ■ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**
2.1 As of the date of this plan, the debtor has paid the trustee **$700.00**.
2.2 After the date of this plan, the debtor will pay the trustee **$350.00** per month for **43** months beginning in January of 2018 for a total of **$15,050.00.**  The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ■ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee:
2.5 The debtor will pay the trustee a total of **$15,750.00** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or **$1,575.00** [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1 | | | | |
| 4.2 | | | | |
| | TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed.  Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | | |
| 5.2 | | |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 6.1 | | |
| 6.2 | | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|  | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 7.1 |  |  |  |  |  |  |
| 7.2 |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 8.1 |  |  |  |  |  |  |  |
| 8.2 |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|  | Creditor | Claim amount | Secured claim | Interest rate | Beginning in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | Freedom Road | 3,465.18 | 3,000 | 3.9% | 1 | 88.44 | 36 | 3,183.84 |  | 3,183.84 |
| 9.2 |  |  |  |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |  |  |  |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):**
The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|  | Creditor | Claim amount | Interest rate | Begin-ning in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 10.1 |  |  |  |  |  |  |  |  |  |
| 10.2 |  |  |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |  |  |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Velde Moore, Ltd: Attorney Fees | 2,310.00 | 225.00 | 8 | 10 | 2,250.00 |
| 11.2 |  |  | 60.00 | 18 | 1 | 60.00 |
| 11.3 |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  | 2,310.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|  | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 12.1 |  |  |  |  |  |  |
| 12.2 |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows:_____. The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|  | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 13.1 |  |  |  |  |  |  |  |
| 13.2 |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $**4,271.16** [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $**465.18**.
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $**79,288.99**.
14.3 Total estimated unsecured claims are $**79,754.17** [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor.  The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property |
|---|---|---|
| 16.1 |  |  |
| 16.2 |  |  |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.  Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | The debtor(s) will submit copies of their state and federal income tax returns to the Trustee annually while this case is pending and shall be entitled to retain the first $2,000.00 if a joint filing, or $1,200.00 if single, plus any earned income credit and Minnesota Working Family Credit.  Any remaining amounts shall be turned over to the Chapter 13 Trustee as additional plan payments.  Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental until while the case is pending.  The Trustee shall only pay 11 U.S.C. 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed.  The Trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Section 1305. |
|---|---|
| 17.2 | Agrispan/Osakis Creamery Association possess a second perfected lien against the farm machinery of the debtors.  The debtors intend to file a motion to avoid the lien and allow Agrispan or the Osakis Creamery Association to possess a general unsecured claim. |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | 1,575.00 |
| Home mortgages in default [Part 7] |  |
| Claims in default [Part 8] |  |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | 3,183.84 |
| Secured claims excluded from § 506  [Part 10] |  |
| Priority claims [Part 11] | 2,310.00 |
| Domestic support obligation claims [Part 12] |  |
| Separate classes of unsecured claims [Part 13] |  |
| Timely filed unsecured claims [Part 14] | 8,681.16 |
| TOTAL (must equal line 2.5) | 15,750.00 |

<u>Certification regarding nonstandard provisions:</u>
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /e/ Logan Moore
       Attorney for debtor or debtor if pro se

Signed: _____
       Debtor 1

Signed:_____
       Debtor 2 (if joint case)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In RE:

Michael J. Johnson                                                Bky Case No. 17-60287
Marcy F. Johnson                                                  Chapter 13 Case
        Debtors.

### UNSWORN CERTIFICATE OF SERVICE

The undersigned, of the City of Alexandria, County of Douglas, in the State of Minnesota, states that on December 18, 2017, she filed a Modified Chapter 13 Plan and a Notice of Hearing with the US Bankruptcy Court. All parties receiving electronic service were served by the Court upon the filing of the document. The following parties were served by mail by enclosing a true and correct copy thereof, in an envelope, with first class postage prepaid, and depositing the same in the post office at Alexandria, Minnesota, addressed as follows: SEE ATTACHED

                                                                       /e/ Kathy Stueve

W:\2017\17-073\Chapter 13 Plans\12-18-17 mod plan filing\COS.wpd

```
AGRISPAN
8550 HUDSON BLVD N
SUITE 120
LAKE ELMO MN 55042



AVANT
222 N LASALLE STREET
SUITE 1700
CHICAGO IL 60601



BMO HARRIS BANK NA
111 W MONROE ST
CHICAGO IL 60690



CAPITAL ONE BANK USA
PO BOX 6492
CAROL STREAM IL 60197-6492



CAPITAL ONE RETAIL SERVICES
PO BOX 7680
CAROL STREAM IL 60116-7680



CITI CARDS
PO BOX 78045
PHOENIX AZ 85062-8045



COMENITY BANK HERBERGERS
BANKRUPTCY DEPARTMENT
PO BOX 182125
COLUMBUS OH 43218-2125



CRAIG BRENT
PO BOX 943
SAINT FRANCIS MN 55070



DELUXE OIL CO
216 W NOKOMIS ST
OSAKIS MN 56360
```

```
FIRST BANKCARD/SCHEELS
PO BOX 2557
OMAHA NE 68103-2557



FIRST NATIONAL BANK OF OSAKIS
211-213 CENTRAL AVE
PO BOX 580
OSAKIS MN 56360



FREDERICHS TIRE AND OIL
200 MAIN STREET SOUTH
SAUK CENTRE MN 56378



FREEDOMROAD FINANCIAL
PO BOX 18218
RENO NV 89511-0218



JOHN DEERE FINANCIAL
6400 NW 86TH STREET
PO BOX 6600
JOHNSTON IA 50131-6600



KEYBANK
PO BOX 89446
CLEVELAND OH 44101-6446



KOHL'S CREDIT
PO BOX 3043
MILWAUKEE WI 53201-3043



ONEMAIN FINANCIAL
PO BOX 790368
SAINT LOUIS MO 63179-0368



OSAKIS CREAMERY ASSOCIATION
4001 STATE HWY 27
OSAKIS MN 56360
```

```
OSAKIS CREAMERY ASSOCIATION
PO BOX 386
OSAKIS MN 56360


SYNCHRONY BANK/GAP VISA
ATTN BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896-5060


SYNCHRONY BANK/JCP
ATTN BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896-5060


TARGET NATIONAL BANK
PO BOX 660170
DALLAS TX 75266


WELLS FARGO EDUCATION FIN SER
PO BOX 5185
SIOUX FALLS SD 57117
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:
Michael J. Johnson                                        Bky Case No. 17-60287
Marcy F. Johnson,                                         Chapter 13 Case

      Debtor(s).

**NOTICE OF HEARING ON CONFIRMATION OF PLAN AND
FILING OF MODIFIED CHAPTER 13 PLAN**

PLEASE TAKE NOTICE that pursuant Local Rule 3015-2(a) and at the request of the Debtor(s) the Filing of Plan, Hearing on Confirmation of Plan for the above-named Debtor(s) is scheduled for January 30, 2018 at 10:00 a.m. in Courtroom 2, U.S. Bankruptcy Court, 118 South Mill Street, Fergus Falls, MN 56537.

Dated this th day of December 18, 2017.

    Velde Law Firm, Ltd.

    /e/Logan Moore
    Logan Moore
    Attorney for Debtor
    1118 Broadway
    Alexandria, MN 56308
    (320) 763-6561
    Atty. Reg. No. 312083